IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ME2 PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KYLE PETT, ET AL., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ENTERING DEFAULT AGAINST DEFENDANT KYLE PETT AND TERMINATING DISCOVERY** <br><br> Case No. 2:17-cv-00525-DN <br><br> District Judge David Nuffer |

Plaintiff sought entry of default against Defendant Kyle Pett and to terminate discovery proceedings.[1] The Clerk declined to enter Pett's default because a court mailing to the address that Plaintiff provided for Pett was returned undeliverable and unable to forward.[2] The returned mailing indicated that Pett no longer lived at the address,[3] so it was unclear to the Clerk whether Pett had been served with Plaintiff's amended complaint.[4]

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

---

[1] Motion for Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants and Motion to Terminate All Discovery Proceedings, docket no. 71, filed Aug. 26, 2020.

[2] Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants ("Declined Default") at 1 n.1, docket no. 72, filed Nov. 17, 2020.

[3] Mail Sent to Kyle Pett re Docket Entry 64 Returned as Undeliverable/Unable to Forward ("Returned Mailing"), docket no. 65, filed May 21, 2020.

[4] Declined Default at 1 n.1.

Here, the record contains a return of service indicating that Pett was personally served with a summons and Plaintiff's original complaint on October 11, 2017,[5] in compliance with Fed. R. Civ. P. 4(e). The record also contains a declaration from Plaintiff's counsel stating that Pett was served with Plaintiff's amended complaint on June 17, 2019,[6] in compliance with Fed. R. Civ. P. 5(b). And the record reflects that to date Pett has neither appeared, answered, or otherwise responded to Plaintiff's original complaint or Plaintiff's amended complaint.

While the court received a returned mailing regarding Pett indicating that he no longer lived at the address Plaintiff provided,[7] this occurred approximately ten months after the Amended Complaint's purported service.[8] It is unknown when Pett moved from the that address. And after the Clerk declined to enter Pett's default, Plaintiff affirmed that it located and served Pett at the address it identified and Pett subsequently moved without providing notice or forwarding information for his changed address.[9] It is not Plaintiff's burden to update an opposing party's address whenever that party moves. Under the circumstances, Plaintiff has sufficiently "shown by affidavit or otherwise" that Pett was served with the amended complaint and has since failed to timely appear, answer, or otherwise respond.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that entry of default is made against Defendant Kyle Pett on Plaintiff's amended complaint.

---

[5] Proof of Service of Summons and Complaint upon Defendants at 5-6, docket no. 27, filed Apr. 11, 2018. On June 4, 2018, the Clerk entered Pett's default on Plaintiff's original complaint. Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants, docket no. 35, filed June 4, 2018. However, the default was later administratively withdrawn when Plaintiff was ordered to file an amended complaint. Order Re: Order to Show Cause Requiring Responsive Briefing at 6, docket no. 61, filed Apr. 18, 2019.

[6] Proof of Service Declaration of Todd E. Zenger at 1, docket no. 66, filed June 2, 2020.

[7] Returned Mailing.

[8] Proof of Service Declaration of Todd E. Zenger at 1.

[9] Response to Order ECF 73 as to Defendant Pett at 1, docket no. 77, filed Dec. 4, 2020.

IT IS FURTHER ORDERED that all discovery proceedings regarding Defendant Kyle Pett are terminated.

IT IS FURTHER ORDERED that by no later than December 22, 2020, Plaintiff must file a motion for default judgment against Defendant Kyle Pett. Failure of Plaintiff to timely file a motion for default judgment will result in the dismissal of Plaintiff's claims against Defendant Kyle Pett for failure to prosecute, without further notice.

Signed December 8, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge